IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Richard Spaddy | : | |
| | : | |
| v. | : | Civil Action No. 15-2995 |
| | : | |
| SEPTA, *et al.* | : | |

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT
OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, SEPTA, SEPTA Police Officer J. Martin. And SEPTA John Doe Defendants (collectively, the "SEPTA Defendants") by and through their undersigned counsel, submit this Reply Brief in support of the Motion to Dismiss Plaintiff's Complaint.

**A. Plaintiff's Allegations are Conclusions Unsupported by Facts and the Complaint Does not Rise to the Level of Plausibility Required to Survive a Motion to Dismiss.**

In response to the Motion to Dismiss, Plaintiff argues that paragraphs 14 and 34 – 36 of his Complaint provide sufficient factual basis to pass the plausibility standard laid out in *Ashcroft v. Iqbal,* 556 U.S. 662, 680 (2009) and *Bell Atlantic Corp v. Twombly,* 550 U.S. 544 (2007) and that his *Monell* claims survive. This argument is incorrect. Paragraphs 34 – 36 do not "describe in detail" SEPTA's policies, practices, and customs, in violation of Section 1983. Plaintiff's Response at p. 2.[1] Instead, these paragraphs simply recite a conclusion that SEPTA has "encouraged, tolerated, ratified and been deliberately indifferent to … police practices, patterns, policies, customs and to the need for more or different training, supervision, investigation or discipline in (certain) …areas. …". Complaint ¶ ¶ 34 - 36. These are conclusions, not facts, and are insufficient to defeat a Motion to Dismiss. *See Ashcroft v.* 556 U.S. at 680 (Bare assertions of

---

[1] As to the allegations in paragraphs 14, Defendants rely on their arguments in their opening brief at pages 9 – 10.

fact that amount to nothing more than a "formulaic recitation of the elements" do not meet the plausibility standard necessary to survive a Motion to Dismiss) *citing Bell Atlantic Corp v. Twombly,* 550 U.S. 544 (2007). Plaintiff's Complaint alleges no facts to support its conclusions that SEPTA has created or endorsed policies, practices, or customs that violate the Constitution. Plaintiff has failed to adequately allege a *Monell* claim in paragraphs 14, 34 -35 and Count 1 must be dismissed.

### B. Plaintiff's Stated Hope That Discovery "May" Provide a Factual Basis for his Claim Establishes That Count 1 of his Complaint Must be Dismissed.

The Court of Appeals for the Third Circuit has explained that the plausibility standard "does not require probability, but it does demand more than a sheer possibility that the defendant acted unlawfully." *Argueta v. United States Immigration & Customs Enforcement*, 643 F.3d 60, 72-73 (3d Cir. 2011). Plaintiff's Response to the Motion to Dismiss makes clear that his *Monell* claim is based on even less than a possibility – it is based on a hope that facts will be discovered, rather than on facts known to the Plaintiff now. In his Response in Opposition to the Motion to Dismiss, Plaintiff states that "through discovery, (he) may prove that SEPTA Police Officer Martin and others … have been engaged in repeated incidents of violations of citizens' civil rights. … Here, it cannot be stated as a matter of law that plaintiff will not be able to adduce the same

evidence as was adduced in *Beck,* supra." [2]  Thus, Plaintiff admits that at the time of filing the Complaint he had done no investigation and had no facts to support his *Monell* claim.[3]

As the Supreme Court said in *Iqbal*, "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  556 U.S. at 678-679.  Plaintiff has had two years to investigate the events of which he has complained yet he clearly intends to begin his investigation now, through the discovery process.  This "file first, ask questions later" approach is prohibited by Rule 8.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559-560 (U.S. 2007) ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process … .").  Plaintiff is not allowed to subject defendants to the burdens of discovery without providing some factual basis for his claim.

Plaintiff's Complaint fails to state a *Monell* claim against SEPTA and his first cause of action must be dismissed.

### C. Even if Plaintiff has Plead Individual Capacity Claims, the Defendant Martin and the Unnamed Officers are Entitled to Immunity

As an initial matter, in Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint, Plaintiff contends that Defendants' Motion to Dismiss "does not request that the Court dismiss the 42 U.S.C. 1983 claims against Officer Martin and the other currently unknown and

---

[2] Plaintiff refers to *Beck v. City of Pittsburgh*, 89 F.3d 966, 973 (3d Cir. Pa. 1996) where the court held that, because of numerous similar complaints made against the officer in a narrow period of time a reasonable jury could have inferred that the municipality knew, or should have known, of Williams's propensity for violence when making arrests. These facts are not similar to those alleged in the instant Complaint.

[3] The articles attached to Plaintiff's Response provide no additional evidentiary support of any of his claims and are inappropriate at this stage of the pleadings. Defendants request that these exhibits be stricken.

unnamed SEPTA Police Officers in their individual capacities; nor would such a dismissal be legally appropriate based on the well plead allegations in the complaint […]." This is incorrect. Defendants argued in the Motion to Dismiss that Plaintiff had failed to plead a Section 1983 claim as to any party and took the position that although the Complaint states that the officers are being sued in both their individual and official capacities, that Plaintiff had only plead an official capacity claim. *See* ECF 13, Defendant's Motion to Dismiss, at p. 7 n. 2.

If the Court does find that Plaintiff has stated a claim against the officers in their individual capacity these claims also fail because Plaintiff does not allege conduct that is clearly unconstitutional.  This is particularly clear on the alleged use of excessive force: on the face of the Complaint, the force used at the time of the arrest did not clearly violate the Constitution; therefore, the defendant officers are protected from suit by qualified immunity.  *See Mullenix v. Luna*, 2015 U.S. LEXIS 7160 (November 9, 2015) (Holding that a police officer was entitled to qualified immunity for his conduct in shooting and killing a fugitive during a high speed chase, since it was not beyond debate that the officer acted unreasonably.)  In *Mulleni,* the Court framed the question as "whether the violative nature of *particular* conduct is clearly established. … This inquiry "'must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id* at 7. (Citations omitted.)  The Court also reiterated that qualified immunity protects officers from suit when they act in the "'hazy border between excessive and acceptable force.'" *Id.* at 17.

In this case, Plaintiff alleges that he was repeatedly punched, kicked, maced, and hit in the legs with blackjacks by an unknown number of police officers on June 8, 2013, incident to an arrest. Complaint ¶ 10. As a result Plaintiff alleges that he was treated at Temple University Hospital and diagnosed with "chemical conjunctivitis." Complaint ¶ 15.  Other than "conjunctivitis" the Complaint does not contain any facts related to injuries that occurred as a

result of the force described in ¶ 10.  Reviewing the facts described in the light most favorable to Plaintiff, the Court must conclude that the alleged conduct was not sufficient to cause any injury that required treatment, beyond the effect of mace.  Therefore, as to the June 2013 incident, the Complaint does not allege force so excessive as to fall outside of the range of conduct that is protected by qualified immunity.  *Mullenix v. Luna*, No. 14-1143, 2015 U.S. LEXIS 7160 at *10; *Saucier v. Katz*, 533 U.S. 194, 206 (2001) ("Qualified immunity operates in this case … to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful.").

Similarly, Plaintiff alleges that on July 10, 2014 he was punched and kicked repeatedly by 5 officers, again incident to an arrest. Complaint ¶ 25.  Later, after his arrest, Plaintiff had an asthma attack and was taken to the hospital, where he was treated and released.  Complaint ¶ ¶ 24, 26.  Again, no facts are alleged that the injuries required any further treatment or were of a nature to result from excessive force.  The lack of injury resulting from the force demonstrates that at most, the force used here falls into the "hazy border" that the Supreme Court has repeatedly protected.  *Mullenix*, 2015 U.S. LEXIS 7160, *17; *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004); *Saucier*, 533 U.S. at 206.

Plaintiff has also failed to plead a Constitutional deprivation of deliberate indifference to medical need.  A failure to provide medical care to a person in custody can only rise to the level of a Constitutional violation if the failure rises to a deliberate indifference to that person's *serious medical needs*. *Kitzhoffer v. Brantley*, No. 99-5771, 2001 U.S. Dist. LEXIS 9318 at *16 (E.D.Pa. July 3, 2001) citing *Groman v. Township of Manalapan,* 47 F.3d 628, 637 (3d Cir. 1995).  To violate the Constitution, it must have been "obvious" to the officers that not immediately taking plaintiff to seek treatment would result in a substantial risk of harm to plaintiff. *See* e.g. *Kitzhoffer*. at *16. (no constitutional violation because there was no substantial harm even where officers

5

knew plaintiff had just suffered a car crash, were told that he was in pain, his nose was bleeding, and they waited 20 hours before taking him to the hospital); *Walmsley of City of Phila.,* 872 F.2d 546, 551-52 (3d Cir. 1989) (no constitutional violation where there was no inkling that plaintiff suffered serious head injuries, or had injuries more severe than might be expected from an earlier fistfight.).  There is nothing in Plaintiff's Complaint to suggest Plaintiff suffered any "substantial risk of harm" due to the officers' failure to provide medical treatment or that Plaintiff suffered any serious injuries in the first place.

Government officials are generally immune from suit in their individual capacities unless, taken in the light most favorable to the party asserting the injury, (1) the facts alleged show the officer's conduct violated a constitutional right and (2) the right was clearly established at the time of the objectionable conduct. *Gerhart v. Pennsylvania*, 2009 U.S. Dist. LEXIS 73842 at *12 (E.D. Pa. Aug. 13, 2009) citing *Giles v. Kearney,* 571 F.3d 318, 325 (3d Cir. 2009) (quoting *Saucier v. Katz*, 533 U.S. 194, 201, (2001)).   This doctrine provides not only a defense to liability, but immunity from suit. *Id.*

In *Mullenix v. Luna*, the Supreme Court re-emphasized its prior holdings that a "clearly established right" is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Id*. quoting *Reichle v. Howards,* 566 U.S. 132 S. Ct. 2088, 182 L. Ed. 2d 985, 989 (2012) (internal quotation marks and alteration omitted). "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Id. quoting Ashcroft v. al-Kidd,* 563 U.S. 731, 741, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011).  The injuries described in plaintiff's Complaint do not support an inference that they arose out of force that could be found to be excessive "beyond debate."

While the Complaint alleges that the officers used force to effect the two arrests, it does not allege that the force used caused any injury serious enough to require treatment, other than conjunctivitis. Therefore, on the face of the Complaint, the force used to effect the arrest could not have been such as to put the officers on notice that their actions were violating plaintiff's constitutional rights. For these reasons, the Complaint against Officer Martin and the unnamed officers based on excessive force and failure to provide medical treatment must be dismissed.

### D. On the Face of the Pleadings the SEPTA Officers Were Acting Within the Scope of Their Police Duties and are Immune From State Law Tort Claims

Plaintiff admits that he has pled that the officers were acting within the scope of their duties as SEPTA police officers. *See* ECF 16, Plaintiff's Response, at p. 7. However, now in response to a motion to dismiss, Plaintiff states that whether the officers were acting within the scope of their duties is in question and should be an issue for a jury. *Id.* at p. 8.

The Third Circuit has stated that whether or not conduct is within the scope of employment is a question of state law. *Aliota v. Graham*, 984 F.2d 1350, 1358 (3d Cir. 1993) In *Butler v. Flo-Ron Vending Co.*, 383 Pa. Super. 633, 557 A.2d 730, 736 (Pa. Super.), *appeal denied,* 567 A.2d 650 (1989), the Pennsylvania Superior Court adopted the general standard set forth in Restatement (Second) of Agency § 228 (the "Restatement") for determining whether an employee's conduct is within the scope of employment. *Id.* The Third Circuit presumes that the PA Supreme Court would adopt the same standard. *Aliota*, 984 F.2d at 1358. Under the Restatement, conduct of an employee is within the scope of employment if: (1) it is of the kind that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is calculated, at least in part, by a purpose to serve the employer; and (4) if force is intentionally used by the employee against another, it is not unexpected by the employer. Restat. 2d of Agency 228.

With respect to Plaintiff's state false imprisonment, malicious prosecution, defamation and false light privacy claims, Plaintiff has not shown that the officers acted beyond the scope of their duties as officers, even if their fare evasion claims were false or if they were wrong to censor Plaintiff's speech on the train.

"Under Pennsylvania law, even unauthorized acts may be within the scope of employment if they are clearly incidental to the master's business." *Brumsfield v. Sanders*, 232 F.3d 376, 381 (3d Cir. 2000). Even false statements made by defendants in the course of their employment are held to be within the scope of their employment. *See Id.* (although defendants "lied during the course of an official investigation and lied on false affidavits" the court held that the defendants conduct was "incidental to their job." Plaintiff had proffered no evidence that the "conduct was not motivated at least in part by a purpose to serve the employer."). In fact, if a defendant acts out of animosity towards the plaintiff, this does not put his actions outside the scope of employment. *Shuqin v. Rafoth*, 2009 U.S. Dist. LEXIS 106587 at *24-25 (W.D. Pa. Nov. 16, 2009) (granting motion to dismiss because alleged false claims of plagiarism by professor still fell "neatly" within the scope of professor's employment, even if professor "harbored a personal animosity toward [plaintiff.]")

Turning to the June 2013 incident, the claims are each premised upon the allegations that the officers wrongly accused Plaintiff of evading fares and then wrongly arrested and prosecuted him for harassment based his response. *See* Compl. ¶ ¶ 6, 16. The claims allegedly arising from the July 2014 incident are premised upon the officers wrongly requiring Plaintiff to remain quiet and their conduct flowing from Plaintiff's refusal to cooperate. *See* Compl. ¶ ¶21-23, 28, 29. This alleged conduct is part of the work police officers are employed to perform. Plaintiff has failed to

allege that the officers were not acting at least in part by a purpose to serve their employer in either of these incidents; therefore, sovereign immunity protects the officers from suit on these claims.

With respect to Plaintiff's assault and battery claims, some courts have held whether officers acted within the scope of their duty in committing assault and battery during the course of an arrest, may be factual issue for a jury to determine. *See Strothers v. Nassan*, 2009 U.S. Dist. LEXIS 30208 at *27 (W.D. Pa. Apr. 9, 2009).  However in contrast to the case at hand, the pleadings in those cases have set forth specific evidence of particularly egregious behavior by officers that has resulted in substantial harm or even death to the Plaintiff.  *See e.g. Id.* at *3-4 (refusing motion to dismiss where officer may have acted outside scope by arresting plaintiff for public drunkenness when officer fractured plaintiff's ankle among other injuries.); *Bowman v. Reilly,* 2009 U.S. Dist. LEXIS 48505 at *15 (E.D. Pa. June 10, 2009) (denying motion to dismiss where officer who arrested plaintiff during a traffic stop shot plaintiff in the neck for removing his hands from his head in order to pull up his pants); *Mohammed v. John Doe Pa. State Police Supervisors,* 2013 U.S. Dist. LEXIS 152034 at *3-17 (E.D. Pa. Oct. 22, 2013) (denying motion to dismiss where allegations contained evidence that during violent struggle to arrest plaintiff, defendant officer had strangled plaintiff, lied about not using his taser on plaintiff, and ultimately plaintiff died from a brain stem herniation.)

Here, the Plaintiff has not pled facts that rise to the same level of egregiousness as the cases above, nor has Plaintiff alleged any serious harm. On the face of the pleadings, Defendants acted within the scope of their duties: the alleged use of force took place while the officers were on duty at a SEPTA subway station for purposes consistent with SEPTA's mission. *See Clark v. SEPTA,* 691 A.2d 988, 991-92 (Commw. Ct. 1997) (plaintiff's assault and battery claims did not state a cause of action under the PA Sovereign Immunity Act) *McCoy v. SEPTA,* No. 01-5881, 2002. U.S.

Dist. LEXIS 11630 (E.D. Pa. Mar. 1 2002) (granting judgment on the pleadings regarding state tort negligence claim); *Martz v. SEPTA*, 598 A.2d. 580 (Commw. Ct. 1991) (granting summary judgment on intentional tort claims).  Because the Complaint does not allege facts sufficient to defeat the officers' sovereign immunity protection, the Second Cause of Action against Defendants Martin and unknown SEPTA officers must be dismissed.

### E.  CONCLUSION

For the foregoing reasons, as well as those set forth in the Defendants' original memoranda in support of its Motion to Dismiss Plaintiff's Complaint, Plaintiff has failed to state a claim upon which relief may be granted.  Accordingly, Defendants respectfully request that their Motion to Dismiss Plaintiff's Complaint be granted and that all of Plaintiff's claims be dismissed with prejudice.

GRIESING LAW, LLC

By:  **/s/ Ellen C. Brotman**
Ellen C. Brotman, Esq.
Ashley Kenney Shea, Esq.
PA Identification Nos: 71775/ 314114
1717 Arch Street, Suite 3630
Philadelphia, PA 19103
ebrotman@griesinglaw.com
ashea@griesinglaw.com
(215) 618-3720
(215) 814-9049 [fax]
www.griesinglaw.com

*Attorneys for Defendants*

Dated:  November 25, 2015

## CERTIFICATE OF SERVICE

I, Ellen C. Brotman, Esq., hereby certify that on this 25th day of November, 2015, I caused a true and correct copy of the foregoing Defendant's Reply Brief in Further Support of its Motion to Plaintiff's Complaint to be served via this Court's Electronic Filing System ("ECF") upon the following counsel of record:

Reginald C. Allen<br>
7601 Crittenden St. Apt. F12<br>
Philadelphia,, PA 19118-3234

**/s/ Ellen C. Brotman**
Ellen C. Brotman, Esq.